```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division


IRINA DOLGALEVA,                    :
                                    :
          Plaintiff,                :
                                    :
v.                                  :     Civil Action No. 2:06cv717
                                    :
VIRGINIA BEACH CITY                 :
PUBLIC SCHOOLS,                     :
                                    :
          Defendant.                :
_____:
```

## OPINION AND ORDER

Plaintiff Irina Dolgaleva, a native of Russia who proceeds pro se, alleges that the Virginia Beach City Public Schools ("VBCPS") discriminated against her on the basis of national origin when it did not immediately hire her to teach Russian. By the time Ms. Dolgaleva interviewed for the posted position, however, VBCPS already had filled it with a native of Belarus. Because Ms. Dolgaleva has not alleged, and will never be able to allege, facts sufficient to support a failure to hire claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), this case is **DISMISSED WITH PREJUDICE**.

### I.   Facts and Procedural History

VBCPS hires its teachers through a rolling application process.  Pursuant to this system, VBCPS posts available

positions and interested applicants submit their applications online or in person.  VBCPS thereafter schedules interviews to take place during the summer.  Most teaching positions require multiple interviews.  For the unique position of Russian teacher, however, the initial summer interview is the only one necessary.  In keeping with the rolling application process, the interviewers may hire the first applicant they interview and leave the remaining applicants in a pool to be considered for any future openings.

Positions teaching Russian for VBCPS rarely become available because only a limited number of students in the school system elect to study the language.  Ms. Dolgaleva, a native of Russia with twenty years of Russian teaching experience and a Ph.D. in linguistics, applied to fill an open position to teach Russian during the 2007-2008 school year, but she was not hired.  VBCPS instead hired Natallia Liapina ("Liapina"), a native of Belarus who attended Kalinin State University in the former Soviet Union.  VBCPS hired Ms. Liapina because it determined that she was qualified, and she interviewed early in the process.  In addition, Ms. Liapina was already employed by VBCPS as a permanent substitute teacher and "was recommended by another teacher [as] the appropriate fit for the position."  (Docket No. 10 at 5.)

Ms. Liapina already had been hired by the time VBCPS interviewed Ms. Dolgaleva on August 24, 2006. Although the immediate opening had been filled, Ms. Dolgaleva was told her application would "remain a part of the pool" so that "[s]he could still be potentially called back for another interview or even for another position if it were to be opened." Id. at 7.

On August 25, 2006, the day after her interview, Ms. Dolgaleva filed an EEOC claim against VBCPS, alleging that the school system discriminated against her on the basis of her national origin when it did not hire her. The EEOC issued a right to sue letter, and Ms. Dolgaleva timely filed this action. She seeks to "requir[e] Defendant to hire [her] for the position of Russian teacher for which she applied" and also seeks compensatory damages. (Docket No. 1 at 2.) VBCPS has moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In response, Ms. Dolgaleva moved to amend her Complaint to add a claim of religious discrimination.

## II. Standard of Review

The standard the Court applies in considering a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is well-established. The purpose of such a motion is to test the legal sufficiency of a plaintiff's complaint, rather than the veracity of the factual allegations contained therein. Hall v. Virginia, 385 F.3d 421,

427 (4th Cir. 2004). Accordingly, to survive a motion to dismiss, the factual allegations in a plaintiff's complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted); Schlegel v. Bank of Am., N.A., 505 F. Supp. 2d 321, 324-25 (W.D. Va. 2007) (Moon, J.). A complaint wholly comprised of legal conclusions, without underlying factual support, will not suffice. Jordan v. Alternative Res. Corp., 458 F.3d 332, 346-47 (4th Cir. 2006), reh'g en banc denied, 467 F.3d 378 (4th Cir. 2006), cert. denied, 127 S. Ct. 2036 (2007).

When reviewing the claims of a pro se litigant, a court must not allow "technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (quoting Canty v. Richmond, Va., Police Dep't, 383 F. Supp. 1396, 1400 (E.D. Va. 1974)); see also Garrett v. Elko, 130 F.3d 261 (4th Cir. 1997) (unpublished table decision) ("[I]n order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff."); Long v. Lafko, 254 F. Supp. 2d 444, 446

(S.D.N.Y. 2003) (using substance of pro se plaintiff's "opposition papers" to clarify the allegations in his complaint). To give Ms. Dolgaleva ample opportunity to articulate her grievances, the Court conducted an extensive oral colloquy with Plaintiff, during which it tried to ascertain all relevant and material facts that Ms. Dolgaleva might, in good faith, allege. (See Docket No. 10.)

### III. Analysis

A. Motion to Dismiss

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Congress subsequently clarified this causation requirement by providing that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice." 42 U.S.C. § 2000e-2(m) (emphasis added).

To survive Defendant's Motion to Dismiss, Ms. Dolgaleva must have "allege[d] facts sufficient to state all the elements of her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted). The elements of a failure to hire claim are: (1) the plaintiff is a member of a protected

5

class, (2) she applied for a position for which there was a vacancy, (3) she was qualified for that position, and (4) she was rejected for that position under circumstances giving rise to an inference of unlawful discrimination. Amirmokri v. Balt. Gas & Elec. Co., 60 F.3d 1126, 1129 (4th Cir. 1995).

Ms. Dolgaleva asserts that discrimination on the basis of national origin is the only conceivable reason she did not get the job, because her qualifications were vastly superior to all other applicants. "There were seven candidates for this vacancy. None of them were close to me based on their qualifications. However, these less qualificated [sic] candidates were interviewed for the position and I was not. Therefore, I was not treated equally with the other candidates. I was treated less favorably." (Docket No. 5 at 1.) In a later submission, Ms. Dolgaleva described the situation thusly:

> when position of Russian Teacher in VBCPS was publicly advertised for the first time in the 400 years of Hampton Roads history (it could be the last) and the highest quality Russian teacher ever lived in Hampton Roads applied, VBCPS administrators did everything what was in their power to deprive her of employment opportunities and to hire somebody complete opposite - not qualified, not educated and not experienced.

(Docket No. 8 at 4.) Comparing the qualifications of the five other candidates to herself, Ms. Dolgaleva claims "[t]he disparity in qualifications is so apparent as to virtually jump

off the page and slap you in the face."[1] Id. at 7.

Ms. Dolgaleva has not alleged, nor can she allege, any facts (as opposed to legal conclusions) that give rise to an inference of unlawful discrimination by VBCPS. Because the successful applicant was of the same national origin as Ms. Dolgaleva (both hail from the former Soviet Union), she cannot allege facts suggesting that her national origin was "a motivating factor" in VBCPS's decision not to hire her for the immediate opening of a Russian teaching position. It would be absurd and unfounded to speculate that a school system looking for a qualified Russian teacher would harbor animus against applicants of Russian descent.

Furthermore, it is immaterial whether Ms. Dolgaleva is as blindingly brilliant a Russian teacher as she claims. She was not hired because the position was filled by the time she interviewed. Such things will happen in a rolling application process - a process that VBCPS was free to adopt. Courts are not to act as a "super-personnel department that reexamines an entity's business decisions." Jackson v. Winter, 497 F. Supp. 2d 759, 767-68 (E.D. Va. 2007) (citations omitted). The Court's role is not to assess the wisdom of an employer's business judgments or the effectiveness of its hiring procedure, but to

---

[1] Without explanation or attribution to a source, Ms. Dolgaleva records "0 years" of teaching experience by all other candidates. (Docket No. 8 at 7.)

narrowly determine whether the employer exercised a discriminatory hiring motive in violation of federal law.  See Jiminez v. Mary Washington Coll., 57 F.3d 369, 383 (4th Cir. 1995).

B.  Motion to Amend

After VBCPS moved to dismiss her Complaint, Ms. Dolgaleva moved to amend it to add a claim of religious discrimination.  She bases this claim on the facts that she worked at Brigham Young University and one of the human resources directors allegedly "did not like th[at] fact."  (Docket No. 8 at 12.)  Plaintiff, who is not a Mormon, suspects that she suffered adverse treatment on the basis of religion, because

> [e]verybody knows that Brigham Young was the founder of the Church of Latter-day Saints and everybody knows that to work in university sponsored by the church you must be a member of this church. So, I am most definitely a Mormon [by inference]. And if I am Russian and Mormon, I am probably not very smart.

Id. at 4-5.

The Court hereby denies Ms. Dolgaleva's Motion to Amend on the ground of futility.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).  Ms. Dolgaleva did not present her religious discrimination claim to the EEOC within 300 days of not being

hired.[2]  See EEOC v. Burlington Med. Supplies, Inc., Civil Action No. 4:06cv122, 2008 WL 596170, at *8 (E.D. Va. Mar. 3, 2008) (citing 42 U.S.C. § 2000e-5(e)(1), which requires filing within 300 days).  In addition, she is not entitled to assert a claim for religious discrimination based on the fact that she once worked for a university founded by the Mormon church.  See Cary v. Carmichael, 908 F. Supp. 1334, 1344 (E.D. Va. 1995) (Doumar, J.) (harboring "a bona fide religious belief that conflicts with an employment requirement" is an element of a religious discrimination claim).  Stated colloquially, Ms. Dolgaleva cannot transform herself into "Mormon for a day" for purposes of perpetuating this litigation.

## IV.  Conclusion

For the reasons set forth above, Plaintiff has not alleged, and cannot allege, facts sufficient to support claims of national origin or religious discrimination.  Therefore, Defendant's Motion to Dismiss (Docket No. 3) is **GRANTED** and Plaintiff's Motion to Amend (Docket No. 8) is **DENIED**.

---

[2] The alleged discrimination in this case occurred on August 24, 2006.  Ms. Dolgaleva did not file a religious discrimination charge with the EEOC until July 10, 2007.  (Docket No. 8 at 2.)

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to Plaintiff and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 3, 2008